**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

RAY REED                                                                                                                       PLAINTIFF

V.                                                            CIVIL ACTION NO. 3:13CV397-HTW-LRA

LINDA HARRIS, ET AL                                                          DEFENDANTS

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court on the Motion to Proceed *in Forma Pauperis* filed by Ray Reed [hereinafter "Plaintiff"], an adult resident citizen of Hinds County, Mississippi. Plaintiff has filed a Complaint against employees at the University of Mississippi Medical Center ["UMMC"], including Janet Harris, Mirana Baldwin, Linda Wiggans, Latasha McGee, Dr. John Norton, Monica White, Wendy Rainer, and Fontishia Davis [hereinafter "Defendants"]. Plaintiff alleges that all of these Defendants are also residents of Hinds County, Mississippi.

If only his income and expenses are reviewed, Plaintiff may be entitled to proceed without the prepayment of fees. He is a quadriplegic who receives only $698 per month in supplemental security income. Because he is housed in the Shelby Nursing and Rehab Center in Shelby, Mississippi, he only actually receives $30 per month of these funds for his personal needs. However, 28 U.S.C. §1915(a)(1) does not mandate that the Court grant *in forma pauperis* status, even if the financial indicators suggest it. Instead, the statute provides that the Court **may** grant permission to proceed without the prepayment of fees, and the Court is granted wide discretion to make that decision. *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1974).

Granting Plaintiff *in forma pauperis* status to proceed with this lawsuit in federal court also permits the Court to dismiss the case at any time if it determines that the Complaint fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B). This statute applies equally to prisoner and non-prisoner cases. *Newsom v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002). The reason for permitting early dismissal is clear -- to "discourage the filing of, and waste of judicial and

private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Thus, the Court is not required to wait until a defendant has been served, at taxpayer expense, and has moved for dismissal; the Court may dismiss a case on its own motion if it falls within the parameters of § 1915(e)(2).  *Id.*

In his Complaint, Plaintiff contends that he was admitted to UMMC on February 27, 2013, but these Defendants failed and sometimes "willfully and deliberately" refused to meet his medical needs and were negligent in caring for him.  Complaint [1, pp. 1-3].  He also contends that he was turned and moved with "excessive force," [1, p. 7] and that he was subjected to "harassment." [1, pp. 7-9.]   As his jurisdictional basis, Plaintiff stated:

> Plaintiff is bringing this civil action lawsuit before this honorable court, due to this facility being a state facility, or a state funded facility.  Also Plaintiff is unsure about which statute to use due to the fact that he has no access to a law library and/or law books.  However, Plaintiff cannot be held to the same standards as a real attorney.

[1, p. 9].

Plaintiff summed up his Complaint by the following statement of "facts":

> Plaintiff claims "negligence," "discrimination," harassment, "reckless endangerment," "deliberate indifference" against the defendants.  Each of the defendants knew what was required regarding my medical care by way of my doctors' medical orders, and as medical care providers the defendants know that they can't harass or provide false information against a patient, thus each patient is to be treated equally, and not be put in harms way.

[1, p. 10].

Plaintiff was given an opportunity to amend his Complaint by the Court's Order entered June 28, 2013 [4].  He did so by filing the amendment on August 8, 2013 [7].  The amendment states the following:

> ...
>
> However, Plaintiff feels that this Honorable Court does have jurisdiction to hear this subject matter under the "supplemental or pendent jurisdiction."

> The claims that Plaintiff alleges in his complaint gives rise to "deliberate indifference," "reckless disregard," "subjective recklessness," and more importantly, "cruel and unusual punishment." Notwithstanding these alleged acts by the defendants happened in Jackson, Mississippi.
>
> Again, Plaintiff does not have access to a law library nor legal books to look at to look up cited cases to back up his claims or for this honorable court to allow him to proceed in this honorable court against the defendants, with the exception for the "supplemental and pendent jurisdiction."

Amended Complaint [7].

This Court must have original jurisdiction, either via federal question or through diversity jurisdiction, before supplemental jurisdiction would apply. Plaintiff concedes that the parties have no diversity of citizenship, and he does not set forth a claim under a federal statute or the United States Constitution. His claims are generally state law tort claims based upon his contentions that the medical care he received while hospitalized at UMMC was negligent. He is not a prisoner; he is a private citizen.

Federal Courts are courts of limited jurisdiction and "must presume that a suit lies outside of this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001); U.S.Const., art. III, § 2. Subject matter jurisdiction must be affirmatively shown before the District Court considers the merits of any case. *See Ruhrgas A.G. v. Marathon Oil Co.,* 526 U.S. 574, 582-83 (1999). The Court must inquire into its subject-matter jurisdiction on its own initiative. *Id.* It may *sua sponte* raise the jurisdictional issue at any time and in fact has a "continuing obligation to examine the basis for jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir.1990)(see also *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir.1999)). The record in this case fails to affirmatively indicate a basis for subject matter jurisdiction.

The Plaintiff is prosecuting this case *pro se.* Therefore, his pleadings must be liberally construed. *Pena v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997). The Court does not need Plaintiff to locate the law regarding subject matter jurisdiction; he simply must plead facts which would allow the Court to exercise jurisdiction over the parties. Having an attorney would probably

not change the fact that his claims may not be heard in this Court--- not all cases are properly filed in the federal courts, regardless of the merits of the claims. Nowhere in the Complaint or Amended Complaint does Plaintiff set forth a factual basis for federal jurisdiction, but this does not mean he could not proceed in a state court.

When a basis for subject matter jurisdiction cannot be discerned from the allegations of the Complaint, the Court is unable to exercise jurisdiction to consider the merits of the case. *See Ruhrgas*, 526 U.S. at 583. Accordingly, this case should be dismissed without prejudice.

Plaintiff should be advised that his complaint may or may not set forth a valid claim under state law; he may wish to file his Complaint in justice court, county court, or circuit court, depending on the amount of damages requested.

## Conclusion

For these reasons, the undersigned recommends that this Complaint be accepted as filed without the prepayment of a filing fee, but dismissed for failing to state a claim on which relief may be granted.

In accordance with the rules and 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to the recommendations within 14 days after service of this report and recommendation. Plaintiff is hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation after being served with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 15th day of August, 2013.

                                           s/Linda R. Anderson
                                   UNITED STATES MAGISTRATE JUDGE